UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

UNITED STATES OF AMERICA

      - v. -

HENRY ARGUETA,

      Defendant.

------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/2023

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

S3 20 Cr. 160 (MKV)

WHEREAS, on or about October 30, 2020, HENRY ARGUETA, (the "Defendant"), was charged in a three-count Information, S3 20 Cr. 160 (MKV) (the "Information"), with drug adulteration and misbranding conspiracy, in violation of Title 18, United States Code, Section 371 (Count One); wire fraud conspiracy, in violation of Title 18, United States Code, Section 1349 (Count Two); and false statements relating to health care matters, in violation of Title 18, United States Code, Sections 1035 and 2;

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 334 and Title 28, United States Code, Section 2461, of any and all drugs that were adulterated or misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of Title 21, United States Code, Sections 331(II), 344, or 355, have been introduced into interstate commerce, including but not limited to a sum of money in United States currency representing the value of such property, and Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes of is derived from proceeds traceable to the commission of the offense charged in Count Two of the

Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information;

WHEREAS, on or about October 30, 2020, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information and agreed to forfeit, pursuant to Title 21, United States Code, Sections 334 and 853, Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money in United States currency, representing the value of forfeitable property the Defendant obtained as a result of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $311,760 in United States currency representing the amount of forfeitable property involved in the offenses charged in Counts One and Two of the Information, for which the Defendant is jointly and severally liable with co-defendants Jason Servis ("Servis"), Alexander Chan, and Kristian Rhein (the "Co-Defendants") and the forfeiture money judgment entered against them in this case;

WHEREAS, on or about August 15, 2023, Servis made a payment to the Government in the amount of $311,760 in United States currency (the "Servis Payment") satisfying the forfeiture money judgment imposed by this Court against Servis;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the forfeitable property involved in the offenses charged in Counts One and Two of the Information cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Sarah Mortazavi of counsel, and the Defendant, and his counsel, Paul D. Petrus, Esq., that:

1. As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of $311,760 in United States currency (the "Money Judgment"), representing the amount of forfeitable property involved in the offenses charged in Counts One and Two of the Information for which the Defendant is jointly and severally liable with the Co-Defendants, shall be entered against the Defendant.

2. Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, the Government shall credit the Servis Payment against the Money Judgment and the Money Judgment will be fully satisfied.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, HENRY ARGUETA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

5.  The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____  Dec. 18, 2023
Sarah Mortazavi                 DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2520


HENRY ARGUETA

By: _____  12/18/23
Henry Argueta                   DATE

By: _____  12/18/23
Paul D. Petrus, Esq.            DATE
Attorney for Defendant
Law Office of Paul D. Petrus Jr.
420 Lexington Avenue Suite 2450
New York, NY 10170


SO ORDERED:

_____  12/18/2023
HONORABLE MARY KAY VYSKOCIL   DATE
UNITED STATES DISTRICT JUDGE